**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALICIA MARSHALL, DANIEL PRONSKY, and PARIS TOWNSEND, individually, and on behalf of all others similarly situated, <br><br>             Plaintiffs, <br><br>     v. <br><br> PRESTAMOS CDFI, LLC, <br><br>             Defendant. | Case No. 5:21-cv-04337-JMG |

## JOINT RULE 26(f) REPORT

In accordance with Fed. R. Civ. P. 26(f), counsel for the parties conferred on December 13, 2021, and submit the following report of their meeting for the court's consideration:

**I.    Counsel**

    A.  Lead counsel for Plaintiff(s):    Lawrence J. Lederer
                                         Michael L. Murphy
                                       BAILEY & GLASSER LLP

    B.  Lead counsel for Defendant(s):    Marcel S. Pratt
                                         Roy Herrera
                                       Daniel A. Arellano
                                       Michael R. McDonald
                                       BALLARD SPAHR LLP

    C.  Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

        Lawrence J. Lederer                     Matthew M. Zapala
        Michael L. Murphy                     Nolan Heller Kauffman LLP
        Bart D. Cohen
        Bailey & Glasser LLP

    D.  Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

Marcel S. Pratt
Roy Herrera
Daniel A. Arellano
Michael R. McDonald
BALLARD SPAHR LLP

## II.      Description of Claims and Defenses

Plaintiffs

After the United States Small Business Administration ("SBA") raised the fees payable to lenders for processing Paycheck Protection Program ("PPP") loans, Defendant Prestamos CDFI, LLC ("Prestamos" or "Defendant") processed nearly 500,000 loans over the course of only five months. As a result, Prestamos received nearly $1.2 billion in loan processing fees. Despite its contractual obligations under the same standard form promissory note and accompanying loan documents to which Prestamos and all class member borrowers were parties, however, Prestamos failed to fund the loans of borrowers whose loans had been approved by the SBA. Further, Prestamos failed to fund these SBA-approved loans despite the fact that the PPP loan proceeds had actually been paid to Prestamos and funded by the Paycheck Protection Program Liquidity Facility ("PPPLF") or otherwise. In fact, Prestamos continued to receive funds from the PPPLF through September 2021, even though the loan application period closed in May 2021.

Plaintiffs Marshall, Pronsky, and Townsend are small business owners whose loans were approved by the SBA but were never funded by Prestamos. SBA records reflect that those loans were in fact disbursed. Internet sites including Reddit, the website of the Better Business Bureau and other websites are replete with complaints by other borrowers throughout the country alleging similar misconduct by Prestamos.

Plaintiffs allege breach of contract claims on behalf of a nationwide class for Defendant's failure to fund the SBA-approved PPP loans in compliance with the parties' loan agreements . PPP lenders including Defendant were also subject to compliance with applicable rules regarding PPP loans including, among other things, a requirement to fund PPP loans within 10 days after their approval by the SBA. Plaintiffs Marshall and Townsend also allege claims on behalf of a California subclass pursuant to California Business & Professions Code § 17200, which defines unfair business competition to include any "unlawful, unfair, or fraudulent" act or practice, and in this case provides for Defendant's restitution of wrongfully withheld PPP loan proceeds to those Plaintiffs and members of the subclass. Plaintiffs anticipate adding plaintiffs and possibly alleging additional claims in the forthcoming amended complaint.

Contrary to Defendant's defenses, Plaintiffs' claims are sufficiently alleged and meritorious. *First*, by confirming that the SBA had approved Plaintiffs' loans, agreeing that it would fund those loans, and executing loan documents accordingly, Defendant was obligated to fund the loans. Accordingly, Defendant was bound by, and Plaintiffs have claims for breach of Defendant's central obligation under the parties' loan documents. *Second*, Plaintiffs do not assert claims based on Defendant's agreements with the SBA. *Third*, the release terms in Plaintiffs' contracts do not operate prospectively or otherwise immunize Defendant's failure to fund, which would be contrary to both their language and public policy. *Fourth*, Plaintiffs maintain a vested interest in the funds at issue because Defendant was obligated to fund their loans, and because Plaintiffs and other class member borrowers had to rely exclusively on Defendant to do so, as they were precluded from seeking other PPP loans while under contract with Defendant. *Fifth*, Plaintiffs have Article III standing because Defendant's failure—and not mere delay—in funding Plaintiffs' loans constitutes a concrete injury-in-fact. *Sixth*, controlling precedent dictates that the

3

mere absence of a private remedy in federal law does not displace remedies otherwise available under state law. Reference to independent federal law and regulation in asserting a state law claim does not dictate a different result.

<u>Defendant</u>

Defendant Prestamos CDFI, LLC, is a certified Community Development Financial Institution who, like other lending institutions across the United States, participated in the Paycheck Protection Program, a program enacted by Congress and administered by the SBA to facilitate the distribution of financial aid—in the form of federally-backed, forgivable loans—to small businesses affected by the Covid-19 pandemic. Prestamos denies Plaintiffs' allegations of wrongdoing.

Specifically, none of the documents that purportedly governed Plaintiffs' applications for PPP loans incorporated any requirements under the CARES Act or related rules and guidelines, or obligated Prestamos to disburse money to Plaintiffs within a certain time period, or at all. Whatever agreements Prestamos *may* have had with SBA cannot be enforced by non-parties like Plaintiffs. And the Promissory Note each Plaintiff signed contains a broad release provision that bars Plaintiffs' lawsuit.

Nothing Prestamos did was "unfair" or "unlawful" under the California Business & Professions Code § 17200. And Plaintiffs are not entitled to restitution—the only statutorily-authorized remedy they seek—because that relief only is available where the defendant possesses money *in which the plaintiff has a vested interest*. Plaintiffs did not have a vested interest in proceeds from a loan from Prestamos, especially where Prestamos was not obligated to disburse that loan and where such loan was conditioned on numerous criteria which lenders like Prestamos were required to evaluate and verify.

Additionally, Plaintiffs lack Article III standing to bring this suit—and therefore the Court does not have subject matter jurisdiction—because the delayed receipt of loan proceeds to which Plaintiffs were not entitled does not constitute a cognizable injury-in-fact and because Plaintiffs cannot demonstrate that Prestamos was the cause of any delay in the disbursement of Plaintiffs' loans. Plaintiffs' Complaint contemplates that delay may be attributable to persons other than Prestamos.

Finally, Plaintiffs' state-law claims are impermissible because they are an end-run of Congress's decision to *omit* from the CARES Act (the legislation creating the PPP) a private right of action. Plaintiffs cannot sue to enforce the terms of a federal statute under state law where they are not entitled to sue under the statute itself.

## III.   Stipulated Facts

1. Defendant Prestamos is a limited liability company organized under the laws of the state of Arizona, having its principal place of business at 1024 E. Buckeye Road, Suite 270, Phoenix, Arizona 85034, with additional offices in Tucson, Arizona, Las Vegas and Reno, Nevada, and Santa Fe, New Mexico.

2. Prestamos is a Community Development Financial Institution certified by the United States Treasury as a Loan Fund.

3. On March 11, 2020, the World Health Organization declared the COVID-19 outbreak a "pandemic."

4. On March 13, 2020, the United States declared a national emergency due to the COVID-19 pandemic.

5.  Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") at least in part to provide assistance for individuals, families, and businesses affected by the pandemic.

6.  Prestamos participated in the Paycheck Protection Program, implemented pursuant to the CARES Act, as a lender of federally-guaranteed, forgivable loans.

7.  Prestamos entered into an agreement with Blueacorn PPP, LLC, a lender service provider, whereby Prestamos compensated Blueacorn for its assistance with, *inter alia*, facilitating the PPP loan application paperwork, collection, and approval process.

8.  Prestamos, like other lenders participating in the PPP, received fees from SBA in connection with processing PPP loan applications.[1]

## IV.  Jurisdiction

Plaintiffs

This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act because at least one member of the proposed class is a citizen of a different state than defendant Prestamos; there are more than 100 members of the proposed class; and the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A).

Defendant contends in its previously-filed Motion to Dismiss (ECF No. 15) that the Court lacks subject matter jurisdiction because Plaintiffs lack Article III standing. Although Defendant's Motion to Dismiss will be mooted by the filing of Plaintiffs' amended complaint as set forth in the stipulation of the parties and Order of the Court dated December 22, 2021

---

[1] Plaintiffs' position is that the parties should stipulate to additional facts and therefore Plaintiffs anticipate raising with Defendant additional possibilities for stipulation and to potentially supplement this Rule 26(f) report, and will report to the Court to the extent the parties reach further agreement.

(ECF No. 16), Plaintiffs anticipate Defendant will raise the issue again in a motion to dismiss Plaintiffs' amended complaint and dispute that contention and anticipate showing that, *inter alia*: (1) it relies on the erroneous premise that Plaintiffs allege that Defendant has merely delayed funding Plaintiffs' loans, as Plaintiffs in fact allege that Defendant has failed to fund those loans; and (2) it raises fact issues regarding that failure that are not properly resolved at the pleading stage.

Defendant

Defendant contends that this Court lacks subject matter jurisdiction because Plaintiffs lack Article III standing to bring this suit. Specifically, Plaintiffs did not suffer a cognizable injury-in-fact from any delay in disbursement of loan funds because they cannot demonstrate that they were entitled to receive those funds; and Plaintiffs cannot demonstrate that any injury caused by an alleged delay in receiving loan funds is traceable to any action taken by Prestamos.

**V.     Insurance Coverage and Deductibles**

While Defendant does not currently intend to rely on any insurance coverage related to potential liability in this litigation, it is working to identify potentially applicable policies and their terms and will, without waiving its right to argue as to the applicability of such coverage, identify relevant insurance agreements as such information becomes available, and no later than in the exchange of the parties' initial disclosures.

**VI.     Dispositive Motions**

Defendant intends to file a motion to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and, if denied, a motion for summary judgment under Fed. R. Civ. P. 56.

**VII.   Anticipated Scope of Discovery**

Plaintiffs

    A.   Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.

        i.   Information identifying Defendant's key personnel and reflecting its corporate structure so that Plaintiffs can choose deponents and track the involvement of Defendant's corporate affiliates.

        ii.   Information regarding Defendant's communications and other dealings with Plaintiffs regarding the applicable PPP loans necessary to prove Defendant's violations.

        iii.   Information reflecting Defendant's communications and other dealings with absent class members regarding the applicable PPP loans necessary for the Court to adjudicate, and for Plaintiffs to support, Plaintiffs' motion for class certification, including information necessary to properly define the proposed class and any subclasses.

        iv.   Information regarding Defendant's relationship with Blue Acorn PPP, LLC and/or its affiliates ("Blueacorn") concerning Plaintiffs' and class members' PPP loans, given Blueacorn's role in helping identify borrowers to whom Defendant could make PPP loans and assisting in the paperwork .

        v.   Information regarding Defendant's communications and other dealings with the SBA regarding the applicable PPP loans, necessary to assess the scope of Defendant's violations, including whether those dealings support the assertion of additional claims against Defendant.

vi.   Information regarding Defendant's compensation of its relevant personnel, necessary to assess, *inter alia*, Defendant's relevant policies and the disposition of PPP loan fees on PPP loans of Plaintiffs and the class that Defendant failed to fund .

vii.  Information regarding the amount, location, and disposition of all applicable PPP loan proceeds that Prestamos obtained or received from the PPPLF or otherwise, including information regarding Defendant's disbursement, payment, transfer and/or holding of all such funds and the location and applicable account information for all such PPP loan funds paid or advanced to Defendant.

B.  Anticipated number of interrogatories per Party:                    35

C.  Anticipated number of depositions per Party:                        20

D.  To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal.

This case involves what Plaintiffs believe may be hundreds or thousands of proposed class members, and many millions of dollars or more in disputed and unfunded PPP loan proceeds as Defendant committed to funding more PPP loans in 2021 than any other lender according to the SBA, and Defendant's PPP transactions extended throughout the United States. Plaintiffs will therefore need to pursue substantial discovery commensurate with the scope of this case as is common under the Federal Rules of Civil Procedure for complex litigation including this case.

E.  Do the Parties anticipate the need for any third-party discovery? If so, identify the likely third-parties and the discovery to be sought.

Yes. Plaintiffs anticipate seeking non-party discovery from Blueacorn and the SBA regarding their communications and dealings with Defendant concerning Plaintiffs' and class members' PPP loans, as well as other third-parties including any third-party to whom Defendant may have transferred any applicable PPP loan proceeds or fees that Plaintiffs contend should be paid to Plaintiffs and the class. Defendants anticipate seeking non-party discovery from Plaintiffs' personal banks and the SBA regarding their communications and dealings with Plaintiffs.

F.   Do the Parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine.

Yes. Plaintiffs presently anticipate needing experts. For example, Plaintiffs anticipate needing one or more experts to opine as to the alleged damages incurred by the members of the class and any subclasses. Plaintiffs also anticipate needing one or more experts in forensic accounting and related areas depending on Defendant's disposition of PPP loan proceeds Plaintiffs contend should be paid to Plaintiffs and the class. Defendants anticipate needing an expert to refute Plaintiffs alleged damages calculations.

<u>Defendant</u>

A.   Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.

i.   Information about each of Named Plaintiff's business, including history, financial and revenue information, tax returns, and the impact on their business caused by the Covid-19 pandemic to assess the Plaintiff's eligibility for a second-draw PPP loan.

ii.  Information verifying the representations each Named Plaintiff made to SBA, Blueacorn, Prestamos, or others during the application process for a second-draw PPP loan to assess the veracity of information provided in the application process and the Plaintiff's eligibility for a second-draw PPP loan.

iii.  All communications each Named Plaintiff had with SBA, Blueacorn, their bank, and others about their application for a second-draw PPP loan to assess the veracity of information provided in the application process, the Plaintiff's eligibility for a second-draw PPP loan, and the Plaintiff's knowledge with respect to the status of their application for a second-draw PPP loan.

iv.  Information regarding each Named Plaintiff's efforts to secure disbursement of loan proceeds from Prestamos or another entity, and efforts to apply for a second-draw PPP loan from any other lender to assess the veracity of the Plaintiff's allegation that they regularly inquired about the status of their loan and were unable to secure a second-draw PPP loan from another source.

v.  Information about the bank accounts into which each Named Plaintiff sought to have their second-draw PPP loan deposited to assess the Plaintiff's eligibility for a second-draw PPP loan and to investigate reasons why the Plaintiff's loan disbursement may have been rejected or otherwise delayed.

vi.  Information detailing and verifying any harm each Named Plaintiff allegedly suffered as a result of any delay in receiving a second-draw PPP loan.

B.  Anticipated number of interrogatories per Party:            35

C.  Anticipated number of depositions per Party:            20

D.  To the extent either Party proposes to exceed the presumptive limits in the Federal
Rules of Civil Procedure for discovery, explain the basis for that proposal.

Defendant believes this case will be resolved with evidence from Named
Plaintiffs, which will establish that they do not have claims for relief. In any event,
Defendant also intends to oppose certification of the plaintiff class and, accordingly,
does not believe class-wide discovery is appropriate at this juncture.

E.  Do the Parties anticipate the need for any third-party discovery? If so, identify the
likely third-parties and the discovery to be sought.

Yes. Defendant anticipates seeking non-party discovery from Blueacorn,
SBA, and Plaintiffs' financial institutions, regarding their communications and
dealings with Plaintiffs.

F.  Do the Parties anticipate the need for experts? If so, identify the subjects on which the
expert(s) may opine.

Yes. At a minimum, and without waiving the right to retain additional experts,
Defendant anticipates retaining an expert to refute Plaintiffs' claimed damages.

**VIII.    Status of Discovery**

Plaintiffs served requests for production and interrogatories on November 16, 2021.
Defendant has advised that it will respond by January 12, 2022. *See* Fed. R. Civ. P. 26(d). The
parties have agreed to hold an initial meet-and-confer as to those responses in the week
following their service on Plaintiffs. The parties have also agreed to exchange initial disclosures
no later than January 14, 2022. *Accord* ECF No. 16. The parties have not addressed informal
disclosures. However, Plaintiffs have requested that Defendant produces certain documents

promptly so as to facilitate Plaintiffs' selection of custodians whose ESI will be searched for additional responsive documents. Defendant is considering Plaintiffs' request.

## IX.   Proposed Case Management Deadlines

A. Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference):               January 14, 2022

B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays):               January 14, 2022

C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any):   November 18, 2022

D. Deadline for rebuttal expert reports (if any):                January 10, 2023

E. Deadline to complete discovery:                February 10, 2023

F. If any Party seeks more than 120 days for fact discovery, explain why.

Plaintiffs anticipate that Defendant will produce hundreds of thousands, and perhaps millions of pages of documents, which Plaintiffs and their experts will be required to carefully review prior to any depositions. Plaintiffs further anticipate taking more fact depositions than in a standard case given the number of SBA-approved borrowers at issue and Defendant's relationship with Blueacorn. All of this activity will require more than 120 days to complete.

Defendant concurs that discovery has the potential to be voluminous and will require more than 120 days to complete.

G. Deadline to file motion for summary judgment:                April 10, 2023

H. Estimated trial ready date:                June 19, 2023

I. Estimated Number of Days for Trial:                15

X.    **Deposition Scheduling**

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition? ___ Yes x No

If yes, what are those dates? _____

If no, when do the parties intend to confer, and how many dates do they intend to set aside?

The parties will confer within two weeks of the Rule 16 conference, and set aside at least 10 days for depositions.

XI.    **Electronic Discovery**

Plaintiffs have requested relevant ESI from Defendant, particularly including borrower data for the members of the proposed class and any subclasses. Plaintiffs have asked Defendant for the accelerated production of information necessary to enable Plaintiffs to begin to identify potential custodians, and Defendant is considering Plaintiffs' request. Plaintiffs also served on Defendant a detailed document preservation letter substantially addressed to ESI issues on November 16, 2021. Plaintiffs have served on Defendant a proposed ESI stipulation, as to which the parties will meet-and-confer in coming weeks.

XII.    **Protective Orders and Confidentiality Agreements**

The parties anticipate the need for a protective order, and have exchanged drafts to that end. Defendant will move for entry of that order no later than January 14, 2022.

**XIII.**     **Alternative Dispute Resolution**

    A.  Have the Parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

        No. Plaintiffs need information Defendant regarding class and subclass membership, who Defendant funded and when, who Defendant failed to fund, and the status of all class member PPP loan funds Defendant obtained in order to meaningfully enter into settlement discussions regarding the conduct at issue.

    B.  Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.

        Plaintiffs are receptive to considering ADR at an appropriate stage of the proceedings after having received information from Defendant as summarized above.

    C.  Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

        For Plaintiffs: Lawrence J. Lederer, Michael Murphy, Justin Heller

        For Defendant: Marcel S. Pratt, Roy Herrera, Daniel A. Arellano, Michael R. McDonald

**XIV.**     **Consent to Send Case to a Magistrate Judge**

    Both parties consent to Magistrate Judge Rice maintaining responsibility for resolving discovery disputes.

**XV.**     **Policies and Procedures**

    Judge Gallagher's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents

15

that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Gallagher will strike pleadings and other submissions that do not comply with his Policies and Procedures.

## XVI.    Other Matters

Plaintiffs request that their motion for class certification be due the same day as Defendant's motion for summary judgment. Plaintiffs further request that the Court establish a deadline for Defendant's substantial production of all documents responsive to Plaintiffs' outstanding requests for production. Plaintiffs propose that deadline be May 13, 2022.

Defendant's position is that, in light of, *inter alia*: (1) the expansive discovery Plaintiffs seek on the minutia of Defendant's dealings with virtually every individual or business who applied for a PPP loan from Defendant; (2) Defendant's contention that the Court lacks subject matter jurisdiction over this dispute; and (3) Congress's decision to foreclose this type of private enforcement of the PPP regime by omitting from the governing statute a private right of action, a stay of discovery is warranted while Defendant's motion to dismiss is pending.  In the event no such stay is issued, a bifurcation of discovery is necessary to prioritize discovery of information related to issues that will expedite resolution of the litigation and thereby conserve judicial resources and the resources of the parties and to adhere to Congress's policy decisions regarding the enforcement of PPP rules and guidelines.

Plaintiffs dispute Defendant's right to a stay of discovery, and dispute that bifurcation of discovery will expedite resolution of the litigation. Section II.A.1 of the Court's Policies and Procedures provides that "*the Court will grant a stay of discovery only in extraordinary circumstances*." (emphasis in original). Defendant suggest no "extraordinary circumstances" that

16

would justify a stay. Conversely, Plaintiffs' need for data regarding class members is necessary for Plaintiffs to meet their burden of proof to demonstrate compliance with each applicable requirement of Fed. R. Civ. P. 23, making Defendant's timely production of all discovery essential. Defendant's suggestion that the Court should delay that discovery rests on the same erroneous premise as its request to stay discovery generally, *i.e.*, that the Court should dismiss this case at the pleading stage. Defendant's position is wrong on the merits and contrary to the Court's policy disfavoring stays of discovery. The parties are proposing what is a relatively condensed schedule for a case of this complexity, consistent with the parties' understanding of the Court's general preferences. Undue delay in Defendant's production of any material discoverable information would make it most difficult for the parties to comply with that schedule.

The general rule is that discovery should proceed at the outset as to all relevant topics, and that discovery should not be bifurcated on any basis.[2] *See also In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004) ("bifurcation [of class and merits discovery] would further delay the resolution of the litigation in derogation of Rule 1 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (procedural rules must be administered to secure "the just, speedy, and inexpensive determination of every action")…. Failure to permit simultaneous discovery of merits-related and class-related issues will further delay the length of the overall discovery period, thereby inhibiting plaintiffs from receiving an expeditious resolution of their claims."). Likewise, in this case, as well as in *Plastics Additives*, "[d] ue to the intermingling of the facts necessary to evaluate class certification and the merits of plaintiffs' claims, separating the two would duplicate discovery efforts, which, in turn, would

---

[2] *See, e.g., Nathanson v. Aetna Cas. & Sur. Co.*, 2001 WL 1392165, at *1 (E.D. Pa. Nov. 7, 2001) ("[B]ifurcation is an infrequent exception.").

force both parties to incur unnecessary expenses and would further protract the litigation." *Id.*, 2004 WL 2743591, at \*4. *See also id.*, 2004 WL 2743591, at \*3 ("the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery").

**ACKNOWLEDGEMENT OF RULE 26(F) MEETING AND THE ABOVE SUBMISSION TO THE COURT:**

Date: December 27, 2021

| | |
|---|---|
| _____/s/ Bart D. Cohen_____ | _____/s/ Marcel S. Pratt_____ |
| Lawrence J. Lederer (Pa. ID 50445) | Marcel S. Pratt (Pa. ID 307483 ) |
| Michael L. Murphy (pro hac vice) | Michael R. McDonald (Pa. ID 326873) |
| Patricia M. Kipnis (Pa. ID 91470) | Ballard Spahr LLP |
| Bart D. Cohen (Pa. ID 57606) | 1735 Market Street, 51st Floor |
| Bailey & Glasser LLP | Philadelphia, PA 19103 |
| 1055 Thomas Jefferson Street NW | T: 215-665-8500 |
| Suite 540 | F: 215-864-8999 |
| Washington, DC 20007 | PrattM@ballardspahr.com |
| T: 202.463.2101 | McDonaldM@ballardspahr.com |
| F: 202.463.2103 | |
| llederer@baileyglasser.com | Roy Herrera |
| mmurphy@baileyglasser.com | (pro hac vice admission to be sought) |
| pkipnis@baileyglasser.com | Daniel A. Arellano |
| bcohen@baileyglasser.com | (pro hac vice admission to be sought) |
| | Herrera Arellano LLP |
| Justin A. Heller (pro hac vice) | T: 480-239-8814 |
| Matthew M. Zapala (pro hac vice) | roy@ha-firm.com |
| Nolan Heller Kauffman LLP | daniel@ha-firm.com |
| 80 State Street, 11th Floor | |
| Albany, NY 12207 | *Counsel for Defendant* |
| T: 518-449-3300 | |
| jheller@nhkllp.com | |
| mzapala@nhkllp.com | |
| | |
| *Counsel for Plaintiffs* | |