## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA MARSHALL, DANIEL PRONSKY, PARIS TOWNSEND, NANCILEE HOLLAND, LEONA OWSLEY, KOLAWOLE AHMADOU, KIANA DERVIN, KRISTINA HENDERSON, DUSTIN INNIS, KELLY STALNAKER and JAMIE JONES, individually and on behalf of all others similarly situated, | Civil Action No. 5:21-cv-04337-JMG |
| Plaintiffs, | |
| v. | |
| PRESTAMOS CDFI, LLC, | |
| Defendant. | |

### JOINT MOTION FOR ENTRY OF CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

In accordance with Federal Rule of Civil Procedure 26(c)(1), Plaintiffs Alicia Marshall, Daniel Pronsky, Paris Townsend, Nancilee Holland, Leona Owsley, Kolawole Ahmadou, Kiana Dervin, Kristina Henderson, Dustin Innis, Kelly Stalnaker and Jamie Jones individually, and on behalf of all others similarly situated ("Plaintiffs"), and Defendant Prestamos CDFI, LLC ("Prestamos"), through their undersigned counsel, hereby move this Court for entry of their proposed Confidentiality Agreement and Protective Order, attached hereto as **Exhibit A**, to maintain the confidentiality of certain documents and information. In support of this Motion, the Parties state as follows:

1. Counsel for Plaintiffs and Defendant have conferred and reached agreement on the form of the proposed Confidentiality Agreement and Protective Order, a copy of which is attached hereto as **Exhibit A**.

2. Entry of the proposed Confidentiality Agreement and Protective Order is appropriate under Rule 26(c) to prevent the unauthorized disclosure and use of Plaintiffs' and Defendant's and others' trade secrets, sensitive competitive information, commercially sensitive

data, sensitive personally identifying information, and other confidential materials and information.

3. The Parties submit that good cause exists for the Court to grant the Confidentiality Agreement and Protective Order. In assessing whether "good cause" exists, the Third Circuit has adopted a balancing approach, which considers the following factors:

   a. whether disclosure will violate any privacy interest;
   b. whether the information is being sought for a legitimate purpose or for an improper purpose;
   c. whether disclosure of the information will cause a party embarrassment;
   d. whether confidentiality is being sought over information important to public health and safety;
   e. whether the sharing of information among litigants will promote fairness and efficiency;
   f. whether a party benefiting from the order of confidentiality is a public entity or official; and
   g. whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786–91 (3d Cir. 1994)). This assessment involves a balancing of harm to the party or parties seeking protection from disclosure against the importance of disclosure to the public. *Pansy*, 23 F.3d at 787. In cases "involving large-scale discovery," the court "may construct a broad umbrella protective order upon a threshold showing by the movant of good cause." *Id.* at 787 n.17. *Accord In re Avandia Mktg., Sales Practices and Prod. Liab. Litig.*, 924 F.3d 662, 672 n.5 (3d Cir. 2019).

4. Applying the Third Circuit's balancing test demonstrates that good cause exists for granting this Motion.

5. Plaintiffs seek to represent a nationwide class of potentially thousands of individuals or entities who applied to receive loans under the Paycheck Protection Program. Although the Parties continue to negotiate the scope of discovery, it is likely that discovery will entail production of loan applications, personal financial information, tax documents,

communications, and other sensitive and confidential information belonging to Plaintiffs and other loan applicants. Indeed, Plaintiffs already have served discovery requests which seek the production of confidential personal and commercial information.

6. Discovery may also include the exchange of sensitive and confidential business information concerning Defendant's lending operation, financial information, and business relationships, including its decisions relating to its participation in the PPP and its review and analysis of PPP loan applications it received.

7. The confidential information at issue in this matter is not important to matters of public health or safety and the interest in confidentiality outweighs the presumption of public access.

8. For these reasons, the proposed Confidentiality Agreement and Protective Order should be entered.

9. The Parties understand the Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

WHEREFORE, the Parties respectfully request the Court grant their Joint Motion for Entry of Confidentiality Agreement and Protective Order.

Dated: January 14, 2022						Respectfully submitted,

*/s/ Lawrence J. Lederer*						*/s/ Marcel S. Pratt*
Lawrence J. Lederer (Pa. ID 50445)				Marcel S. Pratt (Pa. ID 307483)
Michael L. Murphy (admitted *pro hac vice*)			prattm@ballardspahr.com
Patricia M. Kipnis (Pa. ID 91470)				Michael R. McDonald (Pa. ID 326873)
Bart D. Cohen (Pa. ID 57606)					mcdonaldm@ballardspahr.com
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007						BALLARD SPAHR LLP
T: 202.463-2101							1735 Market Street, 51st Floor
F: 202.463-2103							Philadelphia, PA 19103-7599
llederer@baileyglasser.com					Telephone: 215.665.8500
mmurphy@baileyglasser.com					Facsimile: 215.864.8999
pkipnis@baileyglasser.com

								Roy Herrera
								roy@ha-firm.com
NOLAN HELLER KAUFFMAN LLP					Daniel A. Arellano
Justin A. Heller (admitted *pro hac vice*)			daniel@ha-firm.com
Matthew M. Zapala (admitted *pro hac vice*)
80 State Street, 11th Floor
Albany, NY 12207						HERRERA ARELLANO LLP
T: 518.449.3300						530 E. McDowell Rd. #107-150
jheller@nhkllp.com						Phoenix, AZ 85004
mzapala@nhkllp.com						T: 520-409-4496

*Attorneys for Plaintiffs*					*Attorneys for Defendant*
								*Prestamos CDFI, LLC*