IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA MARSHALL, *et al.*, : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil No. 5:21-cv-04337-JMG |
| : | |
| PRESTAMOS CDFI, LLC, : | |
| Defendant. : | |

**ORDER**

**AND NOW**, this 30th day of March, 2023, upon consideration of Defendants Prestamos CDFI, LLC ("Prestamos") and Chicanos Por La Causa, Inc.'s ("CPLC") Motion to Dismiss (ECF No. 46) Plaintiffs Second Amended Complaint ("SAC"), the responses and replies thereto, as well as Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 53), Defendants' Response in Opposition thereto (ECF No. 54), its exhibits and attachments, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 53) is **DENIED**.[1]

---

[1] Plaintiffs seek leave to supplement their Response to Defendants' Motion to Dismiss with a Staff Report from the United States House of Representatives Select Subcommittee on the Coronavirus Crisis titled "We are not the Fraud Police: How Fintechs Facilitated Fraud in the Paycheck Protection Program" ("Report"). *See* ECF No. 53 at pg. 1. The Report's Executive Summary provides "This staff report presents findings…into the role of financial technology companies (fintechs) in facilitating a disproportionately high rate of fraudulent and otherwise ineligible loans through the Paycheck Protection Program ("PPP")." *See* ECF No. 53-1 at pg. 4. Plaintiffs ask this Court to take judicial notice of the contents of this Report, in particular the Report's findings that Defendant Prestamos "approved the highest number of PPP loans of any PPP lender in 2021," that "Prestamos' President acknowledged that [Prestamos] was 'not prepared for all the applications that we received' during the PPP and said that the nonprofit knowingly took on a role larger than it had been prepared to handle" and that "Blueacorn" who "was involved in the processing of nearly all of the loans facilitated by…Prestamos" prioritized large loans over other loans, some of which Blueacron deliberately "delet[ed]" or chose not to fund. *See* ECF No. 53 at pgs. 2-3.

1

    2. Defendants' Motion to Dismiss (ECF No. 46) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendants' Motion to Dismiss Plaintiffs' SAC for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) is **DENIED IN PART** and **GRANTED IN PART**. Named Plaintiffs[2] have standing, except to the extent Named Plaintiffs purport to bring state law claims under the laws of states in which they do not reside in or in which they were never injured.

    b. Defendants' Motion to Dismiss Plaintiffs' SAC as to Defendant CPLC for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED WITHOUT PREJUDICE** subject to the following limited jurisdictional discovery;

    c. To the extent Plaintiffs seek limited discovery on the issues of Defendant CPLC's relationship with Defendant Prestamos for purposes of establishing personal jurisdiction, as set forth in the accompanying Memorandum Opinion, Plaintiffs shall file a proposed plan within twenty-one (21) days of entry of this Order, specifically identifying (1) what discovery

---

Because Plaintiffs ask the Court to take judicial notice of the truth of information and conclusions contained within the Report, and Plaintiffs' Second Amended Complaint is not "based on" nor does it explicitly rely upon the Report, the Court declines to take judicial notice of the Reports contents. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). "Should Plaintiffs wish to incorporate any of this information, they must do so through the proper evidentiary channels." *Greathouse v. Capital Plus Financial, LLC*, No. 22-cv-686 at ECF No. 54 (N.D. Tex., Dec. 22, 2022). See also *Sturgeon v. PharMerica Corp.*, 438 F. Supp. 3d 246, 259 (E.D. Pa. 2020) (declining, at motion to dismiss stage, to take judicial notice of the truth of the contents of FDA reports); *Hall v. Johnson & Johnson*, No. 18-1833, 2019 U.S. Dist. LEXIS 221513 at *34 (D. N.J. Dec. 27, 2019) (declining to take judicial notice of NIH reports at motion to dismiss stage where reports "address[] the merits of Plaintiff's claims, is not relied upon or integral to the complaint, and would require the Court to delve into the scientific evidence that forms the crux of the parties' dispute."); *St Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, No. 18-2157, 2021 U.S. Dist. LEXIS 195881 at *9 (E.D. Pa. Oct. 12, 2021) ("Under the public records exception, a court make take judicial notice of documents such as an administrative or legislative report, but such notice serves only to 'indicate what was in the public realm at the time, not whether the contents of those documents are true.'") (quoting *U.S. ex rel Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139-40 (E.D. Pa. 2012)).

[2] "Named Plaintiffs" are Plaintiffs Alicia Marshall, Daniel Pronsky, Paris Townsend, Nancilee Holland, Leona Owsley, Kolawole Ahmadou, Kiana Dervin, Kristina Henderson, Dustin Innis, Kelly Stalnaker and Jamie Jones

Plaintiff requires and (2) using what proposed discovery tools. Defendants shall respond to the proposal within fourteen (14) days of receipt of the proposal.

   d. Defendants' Motion to Dismiss Count One of the SAC for Breach of Contract as to Defendant Prestamos is **DENIED**.

   e. Defendants' Motion to Dismiss Count One of the SAC for Breach of Contract as to Defendant CPLC is **DENIED WITHOUT PREJUDICE** pending the limited jurisdictional discovery as forth in subsection (c) above and the accompanying Memorandum Opinion.

   f. Defendants' Motion to Dismiss Count Two of the SAC for Violation of California's Unfair Competition Law as to both Defendants Prestamos and CPLC is **GRANTED**. Count Two of Plaintiffs' SAC is hereby **DISMISSED**.

   g. Defendants' Motion to Dismiss Count Three of Plaintiffs' SAC for Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act as to Defendant Prestamos is **GRANTED**. Count Three of Plaintiffs' SAC is hereby **DISMISSED**.

   h. Defendants' Motion to Dismiss Count Four of Plaintiffs' SAC for Violation of the Ohio Deceptive Trade Practices Act as to Defendant Prestamos is **GRANTED**. Count Four of Plaintiffs' SAC is hereby **DIMISSED**.

   i. Defendants' Motion to Dismiss Count Five of Plaintiffs' SAC for Unjust Enrichment against Defendant CPLC is **DENIED WITHOUT PREJUDICE** pending the limited jurisdictional discovery as forth in subsection (c) above and the accompanying Memorandum Opinion.

           BY THE COURT:

           */s/ John M. Gallagher*
           JOHN M. GALLAGHER
           United States District Court Judge