**Ballard Spahr LLP**

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Marcel Pratt
Tel: 215.864.8506
Fax: 215.864.8999
prattm@ballardspahr.com

April 26, 2024

*By Electronic Filing*

The Hon. John M. Gallagher
United States District Court for the Eastern District of Pennsylvania
Edward N. Cahn Courthouse & Federal Building
504 W. Hamilton Street
Allentown, PA 18101

Re:  Marshall v. Prestamos CDFI, LLC, No. 5:21-cv-04337-JMG (E.D. Pa.)

Judge Gallagher:

We write on behalf of Defendant Prestamos CDFI, LLC ("Prestamos") concerning the Scheduling Order the Court filed on April 17, 2024 (the "April 17 Scheduling Order"). ECF 102.  We are writing to respectfully request that Court conduct a status conference concerning the April 17 Scheduling Order as it relates to class certification.  Due to Plaintiffs' failure to remedy discovery deficiencies, Prestamos is concerned about the ability to complete necessary discovery and expert reports pursuant to the April 17 Scheduling Order.  Despite their commitment to do so several weeks ago during our discovery conference with the Court, Plaintiffs have still failed to provide significant paper discovery.[1]  Also, Prestamos is currently pursuing important third-party discovery for class certification which will take some time to complete—some of, which again, has been necessitated by Plaintiffs' deficient discovery responses.  Finally, Prestamos respectfully submits that the timing for rebuttal expert reports will be insufficient to address all the relatively complicated issues that must be decided for class certification.

As the Court is aware, a determination of whether to grant or deny class certification requires a "rigorous analysis."  *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) ("certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." (citation and internal quotation marks omitted)).  In *Behrend*, the Supreme Court explained that, under Rule 23, the moving party

---

[1]  Plaintiffs' did not agree to comply with their discovery obligations until 4:30pm on April 23.  *See* Email 4/23/2024, attached as Ex. 1.  Plaintiffs only did so after Prestamos informed Plaintiffs that Prestamos was going to highlight Plaintiffs' lack of compliance in its request to the Court for additional time for class certification discovery.

The Hon. John M. Gallagher
April 26, 2024
Page 2

must "prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation." *Id.* (citations and internal quotation marks omitted). "The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.* Although "[t]he party seeking certification bears the burden of establishing each element of Rule 23," *In re Niaspan Antitrust Litig*, 555 F. Supp. 3d 155, 161 (E.D. Pa. 2021) (citation omitted), a party opposing class certification must provide a detailed response to aid the Court in its analysis and "[f]actual determinations supporting Rule 23 findings [that] must be made by a preponderance of the evidence," *Oetting v. Heffler, Radetich & Saitta, LLP*, 2016 U.S. Dist. LEXIS 38876, at *12 (E.D. Pa. Mar. 23, 2016) (citations omitted).

Commonality requires Plaintiffs to show, and the Court to find "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "If every individual plaintiff requires his or her own in-depth factual analysis, the purpose of the class action is defeated—rendering the litigation unruly and inefficient." *Greathouse v. Cap. Plus Fin., LLC*, 2023 U.S. Dist. LEXIS 157204, at *13 (N.D. Tex. Sep. 6, 2023). The crux of Plaintiffs' claims is that they did not receive deposits of PPP loan proceeds that they claim they Prestamos was obligated to make. There are a multitude of situations that could prevent or reverse funding of Plaintiffs' PPP loans after an SBA number was assigned. *Id.* at *18 ("The varying circumstances of Lead Plaintiffs' loan processes show that many situations could cause a funding failure after an SBA number was assigned."). Prestamos expects to develop facts during discovery showing exactly that—that there were a multitude of different situations responsible for the named Plaintiffs not receiving deposits of PPP loan proceeds (or receiving deposits of PPP loan proceeds only to have these deposits returned to Prestamos by their bank). But the number of named Plaintiffs, coupled with Plaintiffs' refusal (or inability) to produce documents concerning this key question, means that this critical factual inquiry will take additional time to complete.

Similar to commonality, "the test of typicality concerns three questions: (1) whether other members have the same or similar injury[;] (2) whether the action is based on conduct which is not unique to the named plaintiffs[;] and (3) whether other class members have been injured by the same course of conduct." *Id.* at *19 (citation omitted). The fact that all named Plaintiffs received SBA loan numbers, signed identical loan packages, and did not receive deposits of PPP loan proceeds (or received deposits of PPP loan proceeds only to have these deposits returned to Prestamos by their bank) is not sufficient to establish typicality. *Id.* To the contrary, Plaintiffs will need to show, and the Court will need to find, that different factual defenses do not exist for the named Plaintiffs. *Id.* at *20. Much like with commonality, Prestamos expects to develop facts during discovery showing exactly that—that the factual scenarios surrounding each named Plaintiff not receiving a deposit of PPP loan proceeds (or receiving a deposit of PPP loan proceeds only to have this deposit returned to Prestamos by their bank). And again, the number of named Plaintiffs, coupled with Plaintiffs' refusal (or inability) to produce documents concerning this key question, means that this critical factual inquiry will take additional time to complete.

The Hon. John M. Gallagher
April 26, 2024
Page 3

Numerous outstanding discovery obligations and disputes—including both parties' production of additional documents and substantial third-party discovery—stand in the way of completing class discovery within the time period set forth in the April 17 Scheduling Order.  Further:  (1) Plaintiffs have yet to supplement their responses to Prestamos's first discovery requests, as they agreed to do at the March 12, 2024 Discovery Status Conference ("March 12 Status Conference"); and (2) Plaintiffs have failed to respond to two letters from Prestamos regarding additional discovery deficiencies.

Prestamos intends to depose all named Plaintiffs concerning, *inter alia*, facts relevant to the commonality and typicality elements required for class certification.  These facts include whether each named Plaintiff was (and at all times remained) eligible for the PPP loan they applied for, whether any named Plaintiff breached or defaulted under the loan documents they signed, the history (including the financial history) of each named Plaintiffs' business, and the history of the relationship (including type of account(s) and transaction history) that each named Plaintiff had with the bank they directed Prestamos to deposit PPP loan proceeds into.

Prestamos has been unable to obtain this critical information to date because, as explained in Prestamos's March 4, 2024 letter to the Court, and during March 12 Status Conference, Plaintiffs have repeatedly failed to produce to Prestamos material information concerning each of the named Plaintiffs.  ECF 98.  Even if Plaintiffs promptly produce to Prestamos all of the information and documents that Prestamos has requested (and that Plaintiffs have promised to provide), scheduling and completing these depositions will take a substantial amount of time and is likely to extend beyond the current deadlines set for class discovery.  Further complicating this issue (and potentially expanding the time necessary to depose all named Plaintiffs) is the fact that Prestamos *still* does not know the identity of all named Plaintiffs, as Plaintiffs have indicated that they will be adding a new named Plaintiff when they file their Amended Complaint.

Prestamos has also served critical third-party discovery on Evolve Bank, the bank that attempted to fund the loans (concerning, *inter alia*, the reason why Prestamos's deposit of PPP loan funds was rejected or returned by each named Plaintiff's bank), Blueacorn (concerning, *inter alia*, information and/or documents that each of the named Plaintiffs provided to Blueacorn—Prestamos's service provider—that was not subsequently provided to Prestamos), and the named Plaintiffs' banks (concerning, *inter alia*, the reason why Prestamos's deposit of PPP loan funds was rejected or returned and other material information concerning each named Plaintiffs' business).[2]  This information goes directly to the commonality and typicality elements required for class certification—specifically, whether there were different factual situations responsible for named Plaintiffs not receiving

---

[2]  One of reasons necessitating third-party discovery from Plaintiffs' banks is Plaintiffs' delayed production of their bank statements covering the relevant time period.

The Hon. John M. Gallagher
April 26, 2024
Page 4

a deposit of PPP loan proceeds (or receiving a deposit of PPP loan proceeds only to have this deposit returned to Prestamos by their bank). Obtaining documents and information relevant to class certification from each of these third parties, and resolving any disputes that arise in connection therewith, will almost certainly extend beyond the class discovery time periods set forth in the April 17 Scheduling Order.

Finally, as noted *supra*, the Court set the deadline for expert reports for May 31, 2024, and for rebuttal expert reports two weeks later, June 14, 2024. In order to satisfy Rule 23's requirements, Plaintiffs will have to demonstrate a common damages model applicable across the proposed class. In other words, "Plaintiffs must show that there is a reliable means for measuring damages with reasonable accuracy in the aggregate." *In re Suboxone*, 421 F. Supp. 3d 12, 63 (E.D. Pa. 2019) (citing *In re Processed Egg Prods. Antitrust Litig.*, 312 F.R.D. 171, 202 (E.D. Pa. 2015)). Given the nature of Plaintiffs' claims, this will be a complex and fact-intensive issue (depending, in part, on facts that Prestamos is still actively seeking to obtain from Plaintiffs and third parties in discovery), and Prestamos will need more than two weeks to prepare its response to any model put forth by Plaintiffs' expert(s).

Prestamos proposed the following modified schedule for class certification discovery to Plaintiffs, which Plaintiffs subsequently advised Prestamos they took no position towards:

1. All fact and expert discovery in Phase (1) shall be completed by October 28, 2024.
    a. Affirmative expert reports in Phase (1), if any, are due by September 13, 2024.
    b. Rebuttal expert reports in Phase (1), if any, are due by October 11, 2024
    c. Expert depositions, if any, shall be concluded no later than June 28, 2024.
    d. All motions for class certification shall be filed by November 1, 2024. Reponses shall be filed no later than December 3, 2024. Motions and responses shall be filed in the form prescribed in Judge Gallagher's Policies and Procedures, except that briefing shall be limited to 30 pages, not including exhibits, table of contents, or tables of authorities.
2. A hearing on class certification shall be held on [to be filled in based on the Court's schedule].

Prestamos appreciates the Court's willingness to address these concerns.

Sincerely,

*/s/ Marcel S. Pratt*

Marcel S. Pratt

**CERTIFICATE OF SERVICE**

     I, Marcel S. Pratt, hereby certify that on the 26th day of April 2024, I caused a true and correct copy of the foregoing letter to be served on counsel of record for all Plaintiffs via the Court's ECF System. The letter is available for viewing and downloading from the ECF System.

                                            /s/ *Marcel S. Pratt*
                                            Marcel S. Pratt