

|  |  |
|---|---|
| 1622 Locust Street<br>Philadelphia, PA 19103<br>Tel: 215.274.9420<br>Fax: 304.342.1110 | **Lawrence J. Lederer**<br>llederer@baileyglasser.com |

April 29, 2024

Judge John M. Gallagher
United States District Court for the
Eastern District of Pennsylvania
Edward N. Cahn Courthouse & Federal Bldg.
504 W. Hamilton Street, Suite 4701
Allentown, Pennsylvania 18101

      Re:    *Marshall, et al. v. Prestamos CDFI, LLC*, **No. 5:21-cv-04337-JMG (E.D. Pa.)**

Dear Judge Gallagher:

      On behalf of the Plaintiffs, this responds to defendant Prestamos CDFI, LLC's ("Prestamos") letter filed on April 26, 2024 (ECF No. 103).

      First, Prestamos's position once again pretextually seeks to blame Plaintiffs -- who are drivers, home healthcare assistants, hair stylists, janitors, carpet cleaners, and housekeepers -- and the limited information they have and can produce in discovery, relative to the over $7.4 billion in PPP loans Prestamos processed and the nearly $1.2 billion in fees it obtained. This time Prestamos's pretext is that it inexcusably failed to pursue earlier the discovery it only recently has sought, and thus disagrees with the deadlines set forth in the Court's April 17, 2024 Scheduling Order (ECF No. 102). Again, Plaintiffs have not withheld any discovery based on any objection to any of Prestamos's discovery requests despite the overly broad scope of many of those requests. Indeed, to date, and despite Plaintiffs' "substantially less bargaining power in the relationship" that Prestamos's own case cites (and pursuant to which that court voided the same release Prestamos relies on in this case; *see Greathouse v. Capital Plus Financial LLC*, No. 4:22-cv-0686-P, 2023 WL 5759250, at *15-16 (N.D. Tex. Sept. 6, 2023)), Plaintiffs have already produced to Prestamos over 400 pages of documents; two sets of written responses and objections to Prestamos's separate requests for production of documents; and two separate responses to Prestamos's interrogatories.

      Prestamos acknowledges that it has already subpoenaed its ***own*** bank, Evolve Bank, that it used to disburse PPP loans; its ***own*** contractual loan service provider ("LSP"), Blueacorn, that it used to help process the PPP loan paperwork process; and Plaintiffs' banks. ECF No. 103 at 3. Prestamos omits, however, that it issued those subpoenas only in February 2024 despite the *Marshall* case was filed on October 1, 2021, the *Drevnak* case was filed July 20, 2023, the Court never issued any stay on discovery in either case, and discovery has been open and ongoing since those cases were filed. Prestamos issued these subpoenas only in the last weeks also despite the fact that the Court issued its decision granting in part and denying in part Prestamos's motion to

dismiss more than one year ago. *See Marshall v. Prestamos CDFI, LLC*, No. 5:21-cv-04337-JMG, 2023 WL 2727541 (E.D. Pa. March 20, 2023).

Prestamos also omits that it should be able to readily obtain bank funding records from its own bank and its own LSP. Monthly account disbursement records at issue are only for the few month period of PPP funding at issue in 2021. Prestamos likewise should be able to timely obtain the records it seeks from its own contractual LSP, Blueacorn, for the less than two dozen Plaintiffs at issue. In fact, as its LSP, Blueacorn was at all times relevant to the PPP acting under the scope of **Prestamos's** authority. *See* SBA Procedural Notice Control No. 5000-20091, *Second Updated PPP Lender Processing Fee Payment and 1502 Reporting Process* (Feb. 8, 2021) at 7 ("If the Lender authorizes an Agent or Lender Service Provider (as those terms are defined in 13 CFR § 103.1) to submit ***any information*** or make any entries or certifications on the Lender's behalf for any purpose through the [SBA Form] 1502 Dashboard or through any other method of 1502 reporting, the Lender acknowledges that the Agent of LSP is acting within the scope of Lender's authority and Lender acknowledges responsibility for ***all information*** submitted and entries and certifications made on its behalf.") (emphasis added).

Prestamos also claims that it "*still* does not know the identity of all named Plaintiffs, as Plaintiffs have indicated that they will be adding a new named Plaintiff when they file their Amended Complaint." ECF No. 103 at 3 (emphasis in original). But the Court's Scheduling Order sets May 1, 2024 as the deadline for Plaintiffs to file their amended complaint, and June 28, 2024 as the deadline for Phase 1 class certification fact and expert discovery. Plaintiffs intend to abide by these deadlines, including by filing their amended complaint on May 1, 2024. Prestamos does not explain why this is insufficient time for class certification discovery, especially given it has already subpoenaed the banks of virtually all Plaintiffs, and the rest of the information it seeks is from its own bank and LSP.

In sum, Prestamos's failure to timely pursue the discovery it seeks does not justify any extension to the Court's Scheduling Order. In truth, Prestamos's delay is what is really at issue. Throughout this litigation, Prestamos has taken the position that it prefers a longer schedule for discovery and all other deadlines. *See, e.g.*, *Drevnak*, ECF No. 15 at Exhibit A (pp's 15-17). And in no event does Prestamos's dissatisfaction with what documents and information Plaintiffs have justify extending any of the deadlines the Court already set.

Second, Prestamos's April 26, 2024 letter also pretextually and prematurely disputes class certification. It contends "that there were a multitude of different situations responsible for the named Plaintiffs not receiving deposits of PPP loan proceeds (or receiving deposits of PPP loan proceeds only to have these deposits returned to Prestamos by their bank.)." ECF No. 103 at 2. It argues that discovery is needed as to these "different situations" under the commonality and typicality requirements of Fed. R. Civ. P. 23(a)(2) and (a)(3).

Plaintiffs agree that the Court's determination of class certification requires a "rigorous analysis." As this Court recently noted in *Bombin v. Southwest Airlines Co.*, No. 5:20-cv-01883, 2023 WL 5832166, at *7 (E.D. Pa. Sept. 7, 2023) (citing *In re Niaspan Antitrust Litig.*, 67 F.4th 118 (3d Cir. 2023)), this is so even if it "'overlap[s] with the merits of a plaintiff's claim.'"

Judge John M. Gallagher
Page 3

But Prestamos's focus on bank funding and alleged returned loan proceeds is misplaced. The test for typicality is not whether the plaintiff and class share the same claims, but rather whether plaintiff's claims arise from a similar course of conduct as the class. *See, e.g., In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 428 (3d Cir. 2016). Likewise, the test for commonality is not whether all claims and defenses are the same, but instead whether the claims are "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Neither commonality under Rule 23(a)(2) nor even predominance of common issues under Rule 23(b)(3) requires that the claims all be the same. To the contrary, "[w]hen '*one or more of the central issues* in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-54 (2016) (quotation omitted; emphasis added). Further, plaintiffs need not show at the class certification stage that they will prevail on the predominantly common issues, but only that they can offer ***common evidence*** to prove their claims. *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013).

Individualized bank funding defenses would not defeat a finding of typicality, commonality or predominance in this case even if they exist. The core factual and legal questions that overwhelmingly predominate are shared equally by Plaintiffs and class members -- Prestamos's failure to fund the loans, its false reporting to the SBA via the SBA Form 1502s that it did fund the loans, its collection of loan processing fees anyway on those unfunded loans, and the parties' respective rights and obligations as a result, including that Plaintiffs and class members *still* remain on the hook under the parties' standard form loan document agreements to pay back to Prestamos loan proceeds they never received, *plus interest*. The common evidence Plaintiffs will offer to prove those claims include the standard form loan agreements and PPP rules, and Prestamos's SBA Form 1502 and PPP Pledge and Advance Request reports. Indeed, since Prestamos falsely reported to the SBA in the 1502s that Plaintiffs' and class members' loans were funded when in fact they were not funded, any argument that an unsuccessful attempt to fund the loans creates no *material* individualized issue, and should be precluded on grounds of estoppel as a matter of law. In sum, Prestamos cannot fairly have it both ways -- obtain the loan processing fees based on the false representations it funded the loans, but defend on grounds its mere *attempt* to fund the loans immunizes it or means it complied with its obligation to fund the loans.

Finally, Plaintiffs would be happy to participate in a status conference concerning the Court's Scheduling Order if and as the Court may determine. But nothing in Prestamos's submission justifies the several month extension it seeks. Plaintiffs' position remains that Plaintiffs intend to abide by all deadlines the Court sets.

                              Respectfully submitted,

                              */s/ Lawrence J. Lederer*

                              Lawrence J. Lederer

Judge John M. Gallagher
Page 4

    cc: All ECF Recipients

## Certificate of Service

    I, Lawrence J. Lederer, hereby certify that, on this 29th day of April 2024 I caused a copy of the forgoing to be served via the Court's ECF system on all parties of record.

                                                                    */s/Lawrence J. Lederer*
                                                                         Lawrence J. Lederer