**Ballard Spahr** LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Marcel Pratt
Tel: 215.864.8506
Fax: 215.864.8999
prattm@ballardspahr.com

May 10, 2024

*By Electronic Filing*

The Hon. John M. Gallagher
United States District Court for the Eastern District of Pennsylvania
Edward N. Cahn Courthouse & Federal Building
504 W. Hamilton Street
Allentown, PA 18101

Re: *Marshall v. Prestamos CDFI, LLC*, No. 5:21-cv-04337-JMG (E.D. Pa.)

Judge Gallagher:

We write on behalf of Defendant Prestamos CDFI, LLC ("Prestamos") in response to the Court's May 1, 2024 Order requesting outlines of all completed, outstanding, and anticipated discovery requests. ECF 105. Later that day, Plaintiffs filed a Third Amended Complaint ("TAC") with new allegations, class definitions, and class certification arguments—the scope of which was not consistent with the Court's prior directives or contemplated by Prestamos. As with Plaintiffs' discovery, their allegations in this case have been a consistently moving target. Attached are the outlines requested by the Court, and Prestamos also wishes to provide context to the circumstances with this letter.

### I. Outstanding and Anticipated Discovery

#### a. Party Discovery

Plaintiffs continue to ignore their discovery obligations in violation of the Court's specific direction. As the Court is aware, on March 4, 2024, Prestamos filed a letter identifying multiple deficiencies in Plaintiffs' discovery responses. ECF 98. Plaintiffs responded on March 8, 2024, ECF 100, and this Court held a Discovery Status Conference on March 12, 2024 (the "Discovery Conference"), ECF 101.

At the Discovery Conference, Plaintiffs agreed to supplement their discovery responses to comply with their obligations under the Federal Rules, but they have yet to do so. In short, in the almost two months following the Discovery Conference, Plaintiffs have essentially ignored the Court's directives.

The remaining outstanding deficiencies in Plaintiffs' discovery responses include:

The Hon. John M. Gallagher
May 10, 2024
Page 2

- Plaintiffs' improper reliance on Rule 33(d) in response to sixteen interrogatories, without identifying the requisite burden of responding to the requests or specifying and producing the responsive documents themselves;

- Plaintiffs' failure to provide information about each named plaintiff in response to the interrogatories;

- Plaintiffs' failure to provide requested documents for each named plaintiff or to state plainly whether they have any such responsive documents, despite promising Prestamos that they would do so in a letter dated November 7, 2023; and

- Plaintiffs' failure to verify their Interrogatory Responses or their Supplemental Interrogatory Responses as required by Rule 33(b)(5). The first set of interrogatories in *Marshall* was served on July 21, 2023.[1]

Plaintiffs' responses to the now consolidated case *Drevnak v. Prestamos CDFI, LLC*, Case No. 5:23-cv-02777, are similarly deficient. On December 29, 2023, Prestamos served Interrogatories and RFPs on the *Drevnak* Plaintiffs. Plaintiffs have failed to provide complete responses to these discovery requests despite multiple follow-up efforts by Prestamos. Plaintiffs' *Drevnak* discovery responses share many of the same deficiencies as the *Marshall* discovery responses, including: failure to produce documents responsive to RFPs for each named plaintiff; improper reliance on Rule 33(d) in lieu of answering interrogatories; failure to answer interrogatories for each named plaintiff; and failure to verify the interrogatory responses. Prestamos has sent the *Drevnak* Plaintiffs two letters addressing their deficient responses to the interrogatories and one letter addressing their deficient responses to the RFPs. As of today, Prestamos has yet to even receive a response to two of these three letters.

On April 9, 2024, Prestamos served a second set of RFPs and Interrogatories on Plaintiffs in *Marshall* and *Drevnak*. On May 9, 2024, Plaintiffs served responses and objections to Prestamos's second set of RFPs and Interrogatories, but did not produce any responsive Documents.

Plaintiffs' continued dereliction of their discovery obligations has forced Prestamos to take extensive third party discovery on a number of fundamental issues. For example, beginning on July 21, 2023, Prestamos requested discovery from the named Plaintiffs

---

[1] In addition, Prestamos identified this deficiency in letters to Plaintiffs dated November 28, 2023, and March 7, 2024, and this Court directly addressed the lack of verification at the Discovery Conference.

The Hon. John M. Gallagher
May 10, 2024
Page 3

regarding the financial institutions designated to receive the proceeds of Plaintiffs' PPP loans, including information relating to any rejection of a PPP loan disbursement. This information is central to class certification because it will show, *inter alia*, that there are many different answers to the question *why* the named Plaintiffs, let alone absent class members, did not receive their PPP loan funds. Accordingly, this discovery will demonstrate that the individualized inquiries necessary to answer this question will predominate over any potential common questions. Thus far, Plaintiffs have produced only 232 documents, none of which are bank account agreements that might identify additional individualized issues specific to particular banks or borrowers. Accordingly, as detailed below, Prestamos has been forced to take discovery from these third party banks.

The chart enclosed as Exhibit 1 documents in more detail Plaintiffs' continued failure to comply with their discovery obligations. The deficiencies described above and documented in the attached chart reveal that, far from Plaintiffs' spurious allegation that "Prestamos's delay is what is really at issue," *see* ECF 104, Plaintiffs' failure to comply with their discovery obligations is preventing an expeditious resolution of class certification.

### b. Third-Party Discovery

Following receipt of the Court's May 1 Order, Prestamos immediately sent the Order to the following subpoena recipients: (1) Evolve Bank & Trust ("Evolve"), the bank Prestamos used to disburse PPP loans; (2) Dave, Inc. ("Dave"), a spending account service used by several Plaintiffs to receive PPP loans for their small businesses; and (3) Blueacorn, the lender service provider that facilitated small-business applications for Prestamos. On May 9 and 10, Dave produced some documents that Prestamos had requested from Plaintiffs but that Plaintiffs had failed to produce, highlighting the critical nature of third party discovery in this case.[2] Dave produced account agreements that provided that "[t]he Dave Spending Account is only available to individuals for personal, family or household purposes and *may not be opened by a business in any form or used for business purposes*." Ex. 2 (Dave Deposit Agreement and Disclosures, last updated 01/20/2021) at 2 (emphasis added). As Dave explained to some of the named Plaintiffs, "Dave Spending is a personal spending account and *cannot receive business loans*." *See*, *e.g.*, Ex. 3 (June 4, 2021 Customer Support Chat Log between Dustin Innis and Dave, Inc.) (emphasis added). These agreements and communications show not only that Plaintiffs did not receive their loans because they improperly used an account, but also that these types of individualized issues will predominate across the putative class.

---

[2]   Plaintiffs Alicia Marshall, Dustin Innis, Kiana Dervin, Lametria Marvel, and Leona Owsley had accounts with Dave.

The Hon. John M. Gallagher
May 10, 2024
Page 4

On May 9 and 10, 2024, respectively, Prestamos served subpoenas on Blueacorn and Evolve (both of whom are out-of-state third parties) to compel their appearance at the May 23 hearing. Prestamos intends to provide the Court with an update on the status of third-party discovery next week.

On May 8, 2024, Prestamos served subpoenas on most named Plaintiffs' financial institutions, thus adding to the list of discovery Prestamos has been forced to seek from third parties because Plaintiffs have disregarded their discovery obligations.[3] This process is ongoing, and Prestamos has not received any documents from the financial institutions in response to its subpoenas.

## II. The Third Amended Complaint Represents a Substantive Do-Over, Not The Minor Changes Contemplated by the Court's Order

During the Discovery Conference, the Court discussed potentially consolidating the *Marshall* action with the *Drevnak* action based on the history of the related cases and Plaintiffs' expressed support for consolidation. After further consideration, the Court directed the parties to consider dismissing the *Drevnak* action and amending the *Marshall* action "to incorporate *Drevnak*'s allegations." Ex. 4 (Mar. 22, 2024 Email from B. Dixon). Prestamos informed Plaintiffs that it agreed with the Court's suggested approach to streamline this litigation. Ex. 5 (Mar. 26, 2024 Email from M. Pratt). Plaintiffs likewise responded that they "agree[d] with the Court's suggestion." Ex. 6 (Mar. 27, 2024 Email from B. Cohen).

On March 27, 2024, Plaintiffs informed the Court that, per the parties' agreement, "Plaintiffs will file an amended complaint in *Marshall* that incorporates the allegations in *Drevnak*." Ex. 7 (Mar. 27, 2024 Email from L. Lederer). Plaintiffs further stated that they "will not add any new causes of action; will incorporate the claims of the plaintiffs in *Drevnak*; will add new plaintiffs from additional states . . . ; and will drop the claims alleged by one plaintiff in the *Drevnak* action." *Id.*

Contrary to these repeated representations, Plaintiffs made significant substantive revisions in their Third Amended Complaint. These substantive changes, and the additional

---

[3] The financial institutions include: JP Morgan Chase, Azlo Business, Inc., Bluebird, Wells Fargo Bank, N.A., Chime financial, Inc., TCF Bank National Bank, GO Bank, Public Service Credit Union, Green Dot. Corp., FirstBank, American First Federal Credit Union, SoFi Securities LLC, The Bancorp, Metabank National Association, Radius Bank, BMO Harris Bank NA, EECU, Capital One, Bank of America.

The Hon. John M. Gallagher
May 10, 2024
Page 5

discovery required to address them, will for all practical purposes prevent the parties from completing class discovery according to the current schedule.

Although the *Drevnak* Complaint (but *not* the previously operative *Marshall* Complaint[4]) contained allegations that the SBA's records of disbursement of certain named Plaintiffs' PPP loan proceeds was "based on false data Prestamos provided to the SBA," it stopped short of alleging that Prestamos intentionally reported allegedly incorrect information to the SBA. In contrast, the TAC contains extensive and unsupported new allegations that Prestamos actively "falsely reported to the SBA that it had funded" the named Plaintiffs' PPP loans. *See*, *e.g.*, TAC ¶¶ 14, 131, 148, 157, 166, 180, 189, 198, 207, 216, 228, 237, 248, 266, 279, 291, 308, 320, 333, 345, 356, 367, 396, 397, 400, 411, 414, 416, 427.

Plaintiffs add these allegations in order to buttress a new argument entirely absent from either the *Marshall* or *Drevnak* Complaints—that Prestamos violated an SBA rule regarding PPP reporting obligations. *See id.* ¶¶ 64–65, 71–73, 109, 389–90. Plaintiffs underscore the tactical importance of these new allegations by arguing, in the TAC, that they "support[] the commonality and predominance requirements for class certification. *Id.* ¶ 414.

In sharp contrast to both the *Marshall* and *Drevnak* Complaints, which recited the alleged facts in support of Rule 23's class certification requirements in *under two pages*, the TAC devotes *fifteen pages* to these same factors. *Id.* 82–96. This bloat is due to newly-alleged facts combined with substantial improper, premature legal argument. *See Moorehead v. Sch. Dist. of the City of Allentown*, 2023 U.S. Dist. LEXIS 66450, at *74 (E.D. Pa. Apr. 17, 2023) (Gallagher, J.) (striking paragraphs from the plaintiff's Complaint that consist purely of legal conclusions and plead no relevant facts); *see also Nance v. Emages, Inc.*, 2022 U.S. Dist. LEXIS 104927, at *5–6 (N.D. Ill. June 13, 2022) (striking legal argument from complaint, holding "[t]he occasional legal conclusion among a numbered statement of alleged facts is often not worth the trouble of striking, but here, plaintiff has essentially included a legal brief in his complaint.").

Both the *Marshall* Complaint and the *Drevnak* Complaint identified a single class defined to include "all persons" in the named Plaintiffs' states "who, in 2021, applied for PPP loans with defendant Prestamos as the lender for whom the SBA provided an SBA loan

---

[4] For ease of reference, the previously operative Complaint in the *Marshall* action, Plaintiffs' Second Amended Class Action Complaint, is referred to herein as the "*Marshall* Complaint."

The Hon. John M. Gallagher
May 10, 2024
Page 6

number, and who executed their Loan Documents and did not receive the PPP loan proceeds." *Marshall* Compl. ¶ 230; *Drevnak* Compl. ¶ 214.

The TAC now identifies two different classes, a "Damages Class" and a "Declaratory Judgment Class." TAC ¶ 376–77. Continuing to highlight the centrality of Plaintiffs' new allegations concerning the SBA rule regarding PPP reporting allegations and Prestamos's allegedly fraudulent reporting of information required by it, Plaintiffs revised the class definitions to include all persons who "provided to Prestamos all required loan documentation, but as to whom Prestamos both failed to disburse the PPP loan proceeds and *reported to the SBA that the loan proceeds were disbursed*." *Id.* (emphasis added).

In sum, the TAC is a class certification motion masquerading as a pleading, and the Court should not countenance this type of gamesmanship.

Prestamos looks forward to addressing these issues at the hearing on May 23, 2024.

Respectfully,

*/s/ Marcel S. Pratt*

Marcel S. Pratt

## **CERTIFICATE OF SERVICE**

I, Marcel Pratt, hereby certify that on the 10th day of May 2024, I caused a true and correct copy of the foregoing letter to be served on counsel of record for all Plaintiffs via the Court's ECF System. The letter is available for viewing and downloading from the ECF System.

/s/ *Marcel Pratt*
Marcel Pratt