

| | 1622 Locust Street | **Lawrence J. Lederer** |
|---|---|---|
| | Philadelphia, PA 19103 | llederer@baileyglasser.com |
| | Tel: 215.274.9420 | |
| | Fax: 304.342.1110 | |

May 13, 2024

Judge John M. Gallagher
United States District Court for the
Eastern District of Pennsylvania
Edward N. Cahn Courthouse & Federal Bldg.
504 W. Hamilton Street, Suite 4701
Allentown, Pennsylvania 18101

      Re:    *Marshall, et al. v. Prestamos CDFI, LLC*, No. 5:21-cv-04337-JMG (E.D. Pa.)

Dear Judge Gallagher:

      On behalf of the Plaintiffs, this responds to new arguments defendant Prestamos CDFI, LLC ("Prestamos") makes in its May 10, 2024 letter to the Court (ECF No. 112).

      First, Prestamos filed its May 10, 2024 letter after first requesting on April 26, 2024 (ECF No. 103) to extend the deadlines that the parties had previously discussed extensively among themselves (ECF No. 97) and with the Court (ECF No. 101). As Plaintiffs argued in response to Prestamos's April 26 letter (ECF No. 104), Prestamos seeks to extend those deadlines not because it fairly needs more time to pursue the discovery it only more recently has sought, but because it failed to diligently pursue that discovery in the months since this case was filed on October 1, 2021 and the related *Drevnak* case was filed on July 20, 2023. Even with that delay, however, Prestamos still has sufficient time to complete discovery under the deadlines in the Court's existing Scheduling Order (ECF No. 102) of June 28, 2024 for phase one discovery, and April 9, *2025* for fact and expert discovery. Indeed, although *not* identified in Prestamos's May 10, 2024 letter contrary to the Court's May 1, 2024 Order (ECF No. 105; directing the parties to "provide the Court with outlines of *all* completed, outstanding, and anticipated discovery requests by" May 10, 2024 (emphasis added)), Prestamos also issued deposition notices to each Plaintiff on May 3, 2024, in addition to the other discovery that its May 10 letter does identify. Hence, Prestamos does not identify *any* additional discovery it needs in this case, much less justify the several month extensions it seeks.

      Second, under the guise of purportedly "provid[ing] context" (ECF No. 112 at 1), Prestamos argues that Plaintiffs' "allegations in this case have been a consistently moving target." *Id*. That argument is false. In truth, the claim in this case remains exactly what it always has been throughout this litigation -- namely, that Prestamos failed to fund Plaintiffs' SBA-approved PPP loans despite falsely reporting to the SBA that they were funded to obtain the loan processing fee. Contrary to Prestamos's assertion, the claim that Prestamos lied to the SBA about funding the loans has always been in this litigation. *See, e.g.*, initial complaint in *Marshall*, ECF No. 1 at ¶¶ 77-78 ("77. Although the SBA's records reported that plaintiff Marshall's PPP loan

Judge John M. Gallagher
Page 2

had actually been funded, Marshall never received any PPP loan proceeds. 78. The SBA's record of the alleged disbursement of Marshall's loan proceeds was presumably based on data Prestamos provided to the SBA."); initial complaint in *Drevnak*, ECF No. 1 at ¶ 108 ("108. The SBA's record of the alleged disbursement of Drevnak's PPP loan proceeds was based on false data Prestamos provided to the SBA. *See* https://www.federalpay.org/paycheck-protection-program/georgina-drevnak-colorado-springs-co (last visited May 22, 2023)"; and Plaintiffs' Third Amended Complaint (the "TAC") in *Marshall*, ECF No. 108 at ¶ 250 (*id*.).

Exactly as Plaintiffs represented to the Court in their accompanying motion to amend, the TAC adds four new plaintiffs and just two new states, drops one of the seven original plaintiffs from *Drevnak* (because of evidence subsequently learned that this plaintiff's loan was funded), "adds no new claims and, to the contrary, alleges only a single cause of action against defendants for breach of contact" and also "updates certain factual allegations such as regarding the resignation of CPLC's President and CEO … and regarding class certification." ECF No. 106 at ¶ 9. Plaintiffs did not conceal their desire to update their class certification allegations. Even Prestamos's own account of the procedural history leading to Plaintiffs' filing of the TAC is in accord. *See* ECF No. 112 at 4. Prestamos may dispute the allegations concerning its false reporting to the SBA about the unfunded loans at issue in this case. But that does not mean the false reporting claim is either new or "unsupported" as Prestamos claims (ECF No. 112 at 5), or that the TAC "**Represents a Substantial Do-Over**" (*id*. at 4) (emphasis in original).

Third, Prestamos's arguments about length and that Plaintiffs' class action allegations contain "improper, premature legal argument" are meritless. *Id*. at 5. Contrary to Prestamos's position, it is well established in class action practice that a plaintiff can modify its class action allegations through, and even as part of and beyond, the class certification phase. *See McRobie v. Credit Prot. Ass'n*, No. 5:18-CV-00566, 2019 WL 1469097, at *1 (E.D. Pa. Apr. 3, 2019) (certifying class after granting motion to amend complaint encompassing revised class definition); *Oetting v. Heffler, Radetich & Saitta, LLP*, No. CV 11-4757, 2016 WL 1161403, at *5 (E.D. Pa. Mar. 24, 2016) (certifying class after plaintiffs and court both revised initial class definition); *Chester Upland Sch. Dist. v. Pennsylvania*, No. 12-132, 2012 WL 1473969, at *1 (E.D. Pa. Apr. 25, 2012) (certifying class initially defined in plaintiffs' amended motion for class certification). *Accord* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

Prestamos's arguments that the TAC "is a class certification motion masquerading as a pleading" and "gamesmanship" are also incorrect. Indeed, had Plaintiffs filed the TAC and *not* updated their class allegations, Prestamos would no doubt argue in opposing class certification that it was prejudiced by the *absence* of those allegations in Plaintiffs' operative pleading, and that a class certification motion or brief cannot operate to amend a pleading, exactly as Your Honor held previously in this litigation in another context. *See Marshall v. Prestamos CDFI, LLC*, Civil No. 5:21-cv-04337-JMG, 2023 WL 2727541, at * (E.D. Pa. March 30, 2023) (Gallagher, J.) (the Court cannot permit a plaintiff "to essentially amend the SAC via Plaintiffs'" brief). Prestamos cites *Moorehead v. Sch. Dist. of the City of Allentown*, Civil No. 5:22-cv-03959, 2023 WL 2976556, at * 1, 24 (E.D. Pa. April 17, 2023) (Gallagher, J.), but that case involved a complaint containing 514 paragraphs, 117 pages and roughly 500 pages of exhibits

and, even with that, the Court "avoid[ed] striking allegations arguably relevant to Plaintiff's claims[.]" Accord *Nance v. Emages, Inc*., No. 20 C 6316, 2022 WL 2116581, at *2 (N.D. Ill. June 13, 2022) (declining to strike where "plaintiff has included some relevant facts").

At bottom, Prestamos remains free to oppose class certification on any basis it so determines. And as the Court of course is also already aware, the parties also agree that class certification is absolutely a pivotal issue in this case. Indeed, discovery has already demonstrated that in just the 10 states covered by the *Marshall* case alone (Arizona, California, Connecticut, Illinois, Michigan, Missouri, Nevada, Ohio, Pennsylvania and Washington) Prestamos in total failed to fund *7,907 specific* SBA-approved PPP loans for total PPP loan principal of $133,562,175.00 for which Prestamos nevertheless was still paid $19,259,141.00 in loan processing fees. *Accord* TAC (ECF No. 108) at ¶¶ 381-382 (identifying the amounts on a state-by-state basis). The five remaining states covered by the *Drevnak* action (namely Colorado, Utah, Texas, Indiana and Mississippi) and the two new states added via the TAC (Oklahoma and New York) will no doubt add numerous others. Without class certification, these class members will very likely be denied the opportunity to obtain *any* relief. As Plaintiffs' TAC also alleges as did all prior complaints in this litigation, "[c]lass certification here is superior and indeed the only practical way for class members to relief also because individualized, separate lawsuits are not economically viable." ECF No. 108 at ¶ 406. *See also Marshall*, initial complaint ECF No. 1 at ¶ 112; *Drevnak*, initial complaint ECF No. 1 at ¶ 222. Further, the Court's Scheduling Order also provides deadlines of July 19, 2024 for Plaintiffs to file their class certification motion, and August 2, 2024 for Prestamos to file its opposition. ECF No. 102 at ¶ 4. Again, these dates already afford the parties sufficient time not only to complete phase one fact and expert discovery, but also for briefing on class certification.

Fourth, Prestamos's arguments that it needs substantial additional discovery regarding bank funding issues is overbroad and illogical. It is undisputed that Prestamos used Evolve Bank to disburse PPP loans. *Accord* ECF No. 112 at 3 (Evolve Bank was "the bank Prestamos used to disburse PPP loans"). Prestamos does not even address, let alone explain why, it needs any information from *Plaintiffs'* banks given its defense is merely that Plaintiffs' banks rejected the funds. Instead, Prestamos presumably can get that information directly and far more efficiently from its own bank, Evolve. In fact, Prestamos is and has long been under a legal duty to both report accurately regarding PPP lending including regarding that very PPP loan disbursement information, and to return to the Federal Reserve any PPP loan advances from the PPPLF that were secured by unfunded loans, as Plaintiffs have also maintained throughout this litigation and further detail in Plaintiffs' TAC. *See* TAC ECF No. 108 at ¶¶ 107-109, 385-392. There simply is nothing that discovery of *Plaintiffs'* banks can add to those issues. Again as Plaintiffs have also previously asked, even assuming *arguendo* the PPPLF advances Prestamos used to fund PPP loans were rejected by many class member banks, what's the status of those proceeds today? In sum, Prestamos seeks discovery from Plaintiffs' banks to divert the Court's attention and manufacture individualized issues that in truth are immaterial to class certification and the core factual and legal issues shared by all Plaintiffs and class members in this case, which are Prestamos's failure to fund, its false reporting about the loans, and the parties' continued obligations including the class members' ongoing obligation to pay back loan proceeds they never received plus interest.

Judge John M. Gallagher
Page 4

Finally, and for those same reasons, Prestamos's repeated merits arguments that "individualized inquiries" (ECF No. 112 at 3) and "individualized issues" (*id*.) defeat class certification are also incorrect. Because Prestamos *by definition* reported each class member loan as funded to get the fee when in fact each loan was not funded, the reasons *why* the loans weren't funded are immaterial as a matter of law. Thus, even if Prestamos's expensive fishing expedition in pursuing discovery from Plaintiffs' banks was not pretextual and is credited in full and demonstrates that Prestamos attempted to fund some loans, that still ignores the core issues regarding liability in this case that are shared equally by Plaintiffs and all class members -- namely, that they were not funded in the first place but remain on the hook to pay those loans back to Prestamos with interest, and Prestamos's false reporting that the loans were funded to get the loan fee anyway. The test for certifying a class is not whether the plaintiff and class share the same claims, but rather whether plaintiff's claims arise from a similar course of conduct. *See, e.g., In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 428 (3d Cir. 2016). "When '**one or more of the central issues** in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-54 (2016) (quotation omitted; emphasis added). *See also Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013) (plaintiffs need to show not that they will prevail on the merits, but that they can offer common evidence to prove the claims).

Individualized bank funding defenses would not defeat findings of typicality, commonality or predominance in this case even if they exist. The core factual and legal questions that overwhelmingly predominate are shared equally by Plaintiffs and class members and are answerable in a "single stroke" -- *i.e.*, Prestamos's failure to fund the loans, its false reporting to the SBA via the SBA Form 1502s that it did fund the loans, its collection of loan processing fees anyway on those unfunded loans, and the parties' respective rights and obligations as a result, including that Plaintiffs and class members *still* remain on the hook under the parties' standard form loan document agreements to pay back to Prestamos loan proceeds they never received, *plus interest*. The common evidence Plaintiffs will offer to prove those claims include the standard form loan agreements and PPP rules, and Prestamos's SBA Form 1502 and PPP Pledge and Advance Request reports. But the procedural question now is Prestamos's request for more time to take discovery that it has indisputably been free to take months ago. Nothing in Prestamos's submissions justify more time particularly given the full and fair "context" in which class certification in this case really exists.

Respectfully submitted,

*/s/ Lawrence J. Lederer*

Lawrence J. Lederer

cc: All ECF Recipients

Judge John M. Gallagher
Page 5

## Certificate of Service

  I, Lawrence J. Lederer, hereby certify that, on this 13th day of May 2024 I caused a copy of the forgoing to be served via the Court's ECF system on all parties of record.

                   */s/Lawrence J. Lederer*
                   Lawrence J. Lederer