# Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Marcel Pratt
Tel: 215.864.8506
Fax: 215.864.8999
prattm@ballardspahr.com

May 21, 2024

*By Electronic Filing*

The Hon. John M. Gallagher
United States District Court for the Eastern District of Pennsylvania
Edward N. Cahn Courthouse & Federal Building
504 W. Hamilton Street
Allentown, PA 18101

Re:  <u>Marshall v. Prestamos CDFI, LLC, No. 5:21-cv-04337-JMG (E.D. Pa.)</u>

Judge Gallagher:

Ahead of the May 23, 2024 hearing, we write to update the Court on the status of third-party discovery with regard to the entities mentioned in Prestamos's May 10, 2024 letter ("May 10 Letter")—namely, Evolve Bank & Trust ("Evolve"), Dave, Inc. ("Dave"), and Blueacorn—as well as updates relating to their attendance at the hearing. These are the three entities that were the subject of outstanding third-party discovery at the time of the Court's May 1, 2024 order scheduling the hearing.

On the same day that the Court scheduled the hearing, Prestamos sent letters to the above third parties requesting their attendance at the hearing. None of these third parties is located in Pennsylvania, and Evolve and Dave advised Prestamos that it would be a hardship for a custodian to appear in person at the May 23 hearing. Rule 45 of the Federal Rules of Civil Procedure only allows a subpoena to command a person to attend a hearing within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1)(A). In an effort to preserve the ability of the Court to take live testimony at the May 23 hearing, Prestamos served Evolve, Blueacorn, and Dave with deposition subpoenas identifying a location within 100 miles of their respective headquarters.

Prestamos has spent the past several weeks trying expeditiously to resolve outstanding third-party discovery and had hoped to achieve substantial compliance or commitments from the aforementioned third parties prior to submitting this update. In light of today's Order (ECF No. 116), Prestamos now submits this update, which reflects significant progress in our discovery directed to Evolve and Dave.

The Hon. John M. Gallagher
May 21, 2024
Page 2

    ***Evolve.***  Since its May 10 Letter, Prestamos has met and conferred with Evolve regarding the subpoenas it served on February 20, 2024 (the "Evolve Subpoenas").  Evolve has substantially complied with the Evolve Subpoenas, including production of the ACH codes demonstrating the myriad of reasons that plaintiffs' own banks rejected Prestamos's attempts to fund their loans.  Prestamos has requested information on Named Plaintiffs that, to date, Evolve has not provided (*e.g.*, information on whether other Named Plaintiffs' have financial accounts with fintech entities like Dave).  However, Evolve has committed to producing that information in short order.  Our understanding is that Evolve will seek to be excused from the May 23 hearing; Prestamos would not object.

    ***Dave.***  Prestamos has also met and conferred with Dave regarding the subpoena Prestamos served on April 24, 2024 ("Dave Subpoena").  Dave has produced documents in response to the Dave Subpoena.  Dave submitted a letter to the Court yesterday, along with a declaration, seeking to be excused from the hearing or, in the alternative, permission to testify via video conference.  *See* ECF No. 115.  The Court has since excused Dave from appearing.  *See* ECF No. 117.

    ***Blueacorn.***  On the other hand, Blueacorn has not produced a single document to Prestamos in response to the subpoena Prestamos served on February 20, 2024 ("Blueacorn Subpoena"), despite the significant role that Blueacorn provided as Prestamos's lender service provider for the subject loans.  Prestamos has met and conferred with Blueacorn and worked out a tentative protocol for producing some documents responsive to the Blueacorn Subpoena.  We can provide more detail regarding our lengthy efforts to obtain documents from Blueacorn at the May 23 hearing, but Blueacorn is not in substantial compliance. Blueacorn has told us that it will not appear in person at the May 23 hearing, but may be amenable to appearing remotely.

Respectfully,

*/s/ Marcel S. Pratt*

Marcel S. Pratt

**CERTIFICATE OF SERVICE**

I, Marcel Pratt, hereby certify that on the 21st day of May 2024, I caused a true and correct copy of the foregoing letter to be served on counsel of record for all Plaintiffs via the Court's ECF System. The letter is available for viewing and downloading from the ECF System.

/s/ *Marcel Pratt*
Marcel Pratt